Mr. Justice Piiay
delivered the opinion of the court.
The bill in this case claims for the complainant certain goods set forth in exhibit B, appended thereto, together with 34 bales of cotton, which came to the hands of the defendant, as administrator of the estate of F. A. Browder, deceased.
It appears from the bill and answer, that F. A. Browder, and Harriet Hooke, the mother of the complainant, on the 6th day of September, 1826, intermarried. That previous to such intermarriage, they made a marriage contract, which is appended to the bill as exhibit A.
That Harriet Browder died in the year 1830, and thereupon F. A. Browder became her administrator, and so continued until his death, in February, 1831.
That after the death of F. A. Browder, the defendant in this suit became and still continued his administrator, and that John F. Carmichael became the administrator de bonis non of *868 the estate of the said Harriet Browder, and as such took possession of the goods specified in exhibit B.
That the goods specified hi exhibit B were claimed by the defendant as belonging to the estates of his intestate, under the marriage articles; and on the said Carmichael’s refusing to deliver the same, instituted an action of trover against him in the circuit court of Wilkinson county, to recover their value; and obtained a verdict and judgment against the said Carmichael for the sum of 3358 dollars, 17 cents, and costs of suit. From which judgment, the said Carmichael appealed to this court, where the same was affirmed against him; and since which he has paid the same to this defendant.
That the 34 bales of cotton in question, were subject to the marriage contract; and were sent by F. A. Browder, in his lifetime, to his shipping merchant, at Fort Adams, C. E. Hall, and were there in store at the time of his death. That afterwards, Hall delivered the same to this defendant, as Browder’s administrator, which he sold as part of the estate of his intestate, for 856 dollars, 65 cents.
That Carmichael, as administrator de bonis non of Harriet Browder, in 1838 sued Hall for this cotton, in the circuit court of Wilkinson county. Hall defended the suit on the right and title of this defendant’s intestate, arising under the marriage contract; the suit was finally brought to this court for adjudication, and determined in favor of Hall, and this defendant’s intestate, on a full construction of the marriage contract.
The property in question, in these two actions at law, is the same, and the only property involved in the present suit; and the defendant relies upon the judgments therein, as a final and conclusive bar to the relief sought by the complainants.
On the final hearing on this cause, upon bill and' answer, the court below decreed that the bill be dismissed, and that the complainants pay all costs; from which decree, the complainants appeal to this court.
The question in relation to the rights of the parties to the property in controversy has been properly adjudicated in a court of law under the marriage agreement; and we regard such adjudi *869 cation as settling the construction of such agreement, in reference to the parties thereto, and these complainants claiming under it, and that the same is a full bar to this action.
But were the whole question open, we could not come to a different result than is established by the judgment at law, in relation to the marriage agreement upon which this suit is predicated.
The decree of the court below must be affirmed with costs.